UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:

Case No. 8:10-bk-01013-CED

MICHAEL S. LONGENECKER,

_____Debtor._____/

## MICHAEL S. LONGENECKER'S PLAN OF REORGANIZATION
## DATED JUNE 18, 2010

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy code (the "Code") proposes to pay creditors of Michael S. Longenecker (the "Debtor") from future income/wages.

This Plan provides for 30 classes of secured claims; 1 class of unsecured claims; and 0 classes of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100 cents on the dollar. The Plan also provides for the payment of administrative and priority claims (to the extent permitted by the Code or the claimant's agreement), administrative claim for attorney's fees and costs, in monthly payments pursuant to the agreement with counsel for Debtor.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of the creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

|  |  | All allowed claims entitled to priority under §507 of the Code (except administrative expense claims under §507(a)(2). |
|---|---|---|
| 2.01 | Class 1 | The claim of Aurora Loan Services, LLC, to the extent allowed as a secured claim under §506 of the Code. |
| 2.02 | Class 2. | The claim of Regions Bank, to the extent allowed as a secured claim under §506 of the Code. |
| 2.03 | Class 3. | The claim of Bank of America, to the extent allowed as a secured claim under §506 of the Code. |

2.04   Class 4.   The claim of <u>CitiMortgage, Inc.</u>, to the extent allowed as a secured claim under §506 of the Code.

2.05   Class 5.   The claim of <u>Cypress Trace Gardens Association</u>, to the extent allowed as a secured claim under §506 of the Code.

2.06   Class 6.   The claim of <u>First State Bank</u>, to the extent allowed as a secured claim under §506 of the Code.

2.07   Class 7.   The claim of <u>First State Bank</u>, to the extent allowed as a secured claim under §506 of the Code.

2.08   Class 8.   The claim of <u>First State Bank</u>, to the extent allowed as a secured claim under §506 of the Code.

2.09   Class 9.   The claim of <u>SunTrust Mortgage, Inc.</u>, to the extent allowed as a secured claim under §506 of the Code.

2.10   Class 10.   The claim of <u>SunTrust Mortgage, Inc.</u>, to the extent allowed as a secured claim under §506 of the Code.

2.11   Class 11.   The claim of <u>SunTrust Mortgage, Inc.</u>, to the extent allowed as a secured claim under §506 of the Code.

2.12   Class 12.   The claim of <u>Wachula State Bank</u>, to the extent allowed as a secured claim under §506 of the Code.

2.13   Class 13.   The claim of <u>Wachula State Bank</u>, to the extent allowed as a secured claim under §506 of the Code.

2.14   Class 14.   The claim of <u>Ford Credit</u>, to the extent allowed as a secured claim under §506 of the Code.

2.15   Class 15.   The claim of <u>Mercedes - Benz Financial</u>, to the extent allowed as a secured claim under §506 of the Code.

2.16   Class 16.   The claim of <u>Regions Bank</u>, to the extent allowed as a secured claim under §506 of the Code.

2.17   Class 17.   The claim of <u>Suncoast Schools Federal Credit Union</u>, to the extent allowed as a secured claim under §506 of the Code.

2.18   Class 18.   The claim of <u>Suncoast Schools Federal Credit Union</u>, to the extent allowed as a secured claim under §506 of the Code.

2.19   Class 19.   The claim of <u>Suncoast Schools Federal Credit Union</u>, to the

extent allowed as a secured claim under §506 of the Code.

2.20 Class 20. The claim of SunTrust Bank, to the extent allowed as a secured claim under §506 of the Code.

2.21 Class 21. The claim of Deere Credit Service, to the extent allowed as a secured claim under §506 of the Code.

2.22 Class 22. All unsecured claims allowed under § 502 of the Code.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PROPERTY TAX CLAIMS

3.01 Unclassified Claims. Under § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under §503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 Priority Tax Claims. Each holder of a priority tax claim will be paid its claim in equal monthly payments until paid in full, no later than October 2013.

3.04 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Priority Claim - The Debtors have no priority creditors. | | |
| Class 1 - Secured Claim of Aurora Loan Services, LLC | impaired | The Debtor is one (1) month delinquent to this creditor pre-petition. The Debtor shall pay the delinquent payment of $1,699.42 in 60 equal monthly payments of $28.33. This payment together with the normal contractual payment shall cure the delinquency and reinstate the mortgage. This creditor shall retain its lien. |

| | | |
|---|---|---|
| Class 2 - Secured Claim of Regions Bank | impaired | This creditor holds a second mortgage on the Debtor's homestead, which the Debtor believes is wholly unsecured. This creditor shall be paid as a general unsecured claim in Class 22. |
| Class 3 - Secured Claim of Bank of America | impaired | The Debtor shall pay the value of the collateral, in the amount of $27,500.00 amortized at 6% interest over 30 years. The monthly payments shall be in the amount of $164.88. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain it's lien, to the extent of the value of the property. |
| Class 4 - Secured Claim of CitiMortgage, Inc. | impaired | The Debtor shall pay the value of the collateral, in the amount of $105,000.00 amortized at 6% interest over 30 years. The monthly payments shall be in the amount of $629.53. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain it's lien, to the extent of the value of the property. |
| Class 5 - Secured Claim of Cypress Trace Gardens | impaired | The Debtor shall pay this creditor its claim, together with applicable interest in 60 equal monthly payments. |
| Class 6 - Secured Claim of First State Bank | unimpaired | The Debtor is current on his payments to this creditor and shall continue to make the normal contractual payment. |
| Class 7 - Secured Claim of First State Bank | impaired | This creditor holds a second mortgage on the commercial property, which the Debtor believes to be partially unsecured. The Debtor shall file a motion to determine secured status and value the collateral in the amount of $79,000.00. The Debtor shall pay this creditor the secured portion of its claim ($46,515.76) amortized at 6% interest over 30 years. The Debtor shall pay this creditor 60 monthly payments of $278.89. The 61st payment shall be a balloon payment of the balance owed in the amount of $29,782.36 |
| Class 8 - Secured Claim of First State Bank | impaired | The Debtor shall pay7 the value of the collateral, in the amount of $18,500.00 amortized at 6% interest over 30 years. The monthly payments shall be in the amount of $110.92. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain its lien, to the extent of the value of the collateral. |

| | | |
|---|---|---|
| Class 9 - Secured Claim of SunTrust Mortgage, Inc. | impaired | The Debtor shall pay the value of the collateral, in the amount of $15,800.00 amortized at 6% interest over 30 years. The payments shall be in the amount of $94.73. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain its lien, to the extent of the value of the property. |
| Class 10 - Secured Claim of SunTrust Mortgage, Inc. | impaired | The Debtor shall pay the value of the collateral, in the amount of $57,000.00 amortized at 6% interest over 30 years. The monthly payments shall be in the amount of $341.74. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain it's lien, to the extent of the value of the property. |
| Class 11 - Secured Claim of SunTrust Mortgage, Inc. | impaired | The Debtor shall pay the value of the collateral, in the amount of $19,700.00 amortized at 6% interest over 30 years. The monthly payments shall be in the amount of $118.11. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain it's lien, to the extent of the value of the property |
| Class 12 Secured Claim of Wachula State Bank. | unimpaired | The Debtor is current on the payment to this creditor and shall continue to make the normal contractual payment. This creditor shall retain it's lien. |
| Class 13 - Secured Claim of Wachula State Bank | impaired | No proof of claim has been filed by creditor within the time provided by the Court. The Debtor, therefore surrenders the property in full satisfaction of the debt. This creditor shall retain it's lien, to the extent of the value of the property. |
| Class 14 - Secured Claim of Ford Credit | impaired | The Debtor shall pay the value of the collateral, in the amount of $6,500.00 amortized at 6% interest over 5 years. The monthly payments shall be in the amount of $125.66. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain it's lien, to the extent of the value of the property. |
| Class 15 - Secured Claim of Mercedes - Benz Financial | impaired | The Debtor shall pay the value of the collateral, in the amount of $18,000.00 amortized at 6% interest over 5 years. The monthly payments shall be in the amount of $347.99. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain it's lien, to the extent of the value of the property. |

| | | |
|---|---|---|
| Class 16 - Secured Claim of Regions Bank | impaired | The Debtor is current on the payment to this creditor and shall continue to make the normal contractual payment. This creditor shall retain it's lien. |
| Class 17 - Secured Claim of Suncoast Schools Federal Credit Union | impaired | The Debtor shall pay the value of the collateral, in the amount of $15,000.00 amortized at 4.98% interest over 5 years. The monthly payments shall be in the amount of $282.93. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain it's lien, to the extent of the value of the property. |
| Class 18 - Secured Claim of Suncoast Schools Federal Credit Union | impaired | The Debtor shall pay the value of the collateral, in the amount of $7,000.00 amortized at 4.98% interest over 5 years. The monthly payments shall be in the amount of $132.03. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain it's lien, to the extent of the value of the property. |
| Class 19 - Secured Claim of Suncoast Schools Federal Credit Union | impaired | The Debtor shall pay the value of the collateral, in the amount of $18,000.00 amortized at 4.98% interest over 5 years. The monthly payments shall be in the amount of $339.52. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain it's lien, to the extent of the value of the property. |
| Class 20 - Secured Claim of SunTrust Mortgage, Inc. | impaired | The Debtor is current on the payment to this creditor and shall continue to make the normal contractual payment. This creditor shall retain it's lien. |
| Class 21 - Secured Claim of Deere Credit Services | impaired | The Debtor shall pay the value of the collateral, in the amount of $1,200.00 amortized at 6% interest over 5 years. The monthly payments shall be in the amount of $23.20. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain it's lien, to the extent of the value of the property. **Any secured creditor who has filed a secured claim and claims an entitlement to an unsecured claim must file an amended claim seeking entitlement to an unsecured claim by 30 days after the confirmation hearing (including any continued dates)** |

| Class 22 - General Unsecured Claims | impaired | The Debtors shall pay $1,000.00 per month into a fund for distribution to the unsecured creditors. Each allowed unsecured creditor shall receive a pro-rata share of said fund. Currently, the claims register shows $306,632.68. This would allow for a distribution of approximately 14% to each creditor, provided no additional claims are determined to be unsecured claims. **Any secured creditor who has filed a secured claim and claims an entitlement to an unsecured claim must file an amended claim seeking entitlement to an unsecured claim by 30 days after the confirmation hearing (including any continued dates).** Debtors shall have 30 days to file an objection, if appropriate. If any claims have not been determined by the date first set for the disbursement to unsecured creditors, an appropriate amount shall be withheld from distribution pending a determination of disputed unsecured claims. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01  Disputed Claim.   A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (I) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent or unliquidated.

5.02  Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03  Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a)   The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan.

Gail Thornhill, 1150 SE Mills Avenue, Arcadia, Florida - Lease expires

September 25, 2010;

    Veronica Salazar and Ashley Mendoza, 816 West Waldron, Arcadia, Florida - month to month;

    Jessica Taylor, 712 N. Mills, Arcadia, Florida - Lease expires July 2, 2010;

    Carolyn Williams, 303 Bridal Path, Arcadia, Florida - month to month;

    (b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, on or before the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

    The Debtor shall make the plan payments based upon his wages and earnings from his employment.

## ARTICLE VIII
## GENERAL PROVISIONS

    8.01    <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set for in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions.

    8.02    <u>Effective Date of Plan</u>.  The effective date of this Plan is the thirtieth business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

    8.03    <u>Severability</u>.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.01 Discharge. Upon Confirmation and substantial compliance of the plan, including issuance of promissory notes reflecting the balance, the Debtors will seek a discharge or an administrative closing of the case. Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge, or as otherwise provided in Subsection 1141 (d) (5) of the Code. Debtor will not be discharged from any debt excepted from discharge under Subsection 523 of the Code, except as provided in Rule 4007 ( c) of the Federal Rules of Bankruptcy Procedure.

_____
Michael S. Longenecker

_____
Sheila D. Norman, Esquire
NORMAN AND BULLINGTON, P.A.
1905 W. Kennedy Boulevard
Tampa, Florida 33606
(813) 251-6666
Florida Bar #849642