UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:

                                        Case No.  8:10-bk-01013-CED

MICHAEL S. LONGENECKER,

_____Debtors._____/

## MICHAEL S. LONGENECKER'S DISCLOSURE STATEMENT DATED JUNE 18, 2010

### *Table of Contents*

| | | |
|---|---|---|
| I. | Introduction | Page |
| II. | Background | Page |
| III. | Summary of the Plan of Reorganization and Treatment of Claims and Equity Interests | Page |
| IV. | Confirmation Requirements and Procedures | Page |
| V. | Effect of Confirmation | Page |

## I.    INTRODUCTION

This is the disclosure statement (the "Disclosure Statement") in the individual chapter 11 case of Michael S. Longenecker (the "Debtor").  This Disclosure Statement contains information about the Debtor and describes the Michael S. Longenecker Plan of Reorganization, dated June 18, 2010 (the "Plan") filed by the Debtor on June 18, 2010.  A full copy of the Plan is attached to the Disclosure Statement as Exhibit "A".  **Your rights may be affected.  You should read the Plan and this Disclosure Statement carefully and discuss them with your attorney.  If you do not have an attorney, you may wish to consult one.**

The proposed distributions under the Plan are discussed at pages 6  - 14 of this Disclosure Statement.  General unsecured creditors are classified in Class 22, and will receive a distribution of approximately 15% of their allowed claims, to be distributed as follows: equal monthly payments over 60 months.

### A.    Purpose of This Document

1

This Disclosure Statement describes:

* The Debtor and significant events during the bankruptcy case,
* How the Plan proposes to treat claims or equity interests of the type you hold (i.e., what you will receive on your claim or equity interest if the plan is confirmed),
* Who can vote on or object to the Plan,
* What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan,
* Why the Debtor believes the Plan is feasible, and how the treatment of your claim or equity interest under the Plan compares to what you would receive on your claim or equity interest in liquidation, and
* The effect of confirmation of the Plan.

Be sure to read the Plan as well as the Disclosure Statement. The Disclosure Statement describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights.

## B.   Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing

The Court has not yet confirmed the Plan described in this Disclosure Statement. This section describes the procedures pursuant to which the Plan will or will not be confirmed.

### 1.   Time and Place of the Hearing to Confirm the Plan

The hearing at which the Court will determine whether to confirm the Plan will take place on _____ at _____ a.m., in Courtroom 10B at the Sam Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602.

### 2.   Deadline for Voting to Accept or Reject the Plan

If you are entitled to vote to accept or reject the plan, vote on the enclosed ballot and return the ballot in the enclosed envelope to United States Bankruptcy Court, 801 N. Florida Avenue, Tampa, Florida 33602. See section IV.A. below for a discussion of voting eligibility requirements.

Your ballot must be received by _____ or it will not be counted.

### 3.   Deadline for Objecting to the Confirmation of the Plan

Objections to the confirmation of the plan must be filed with the Court and served upon Sheila D. Norman, Esquire, by _____

2

4.    *Identity of Person to Contact for More Information*

If you want additional information about the Plan, you should contact Sheila D. Norman, Esquire, 1905 West Kennedy Boulevard, Tampa, Florida 33606 or via email at sheila@normanandbullington.com.

## C.    Disclaimer

**The Court has conditionally approved this Disclosure Statement as containing adequate information to enable the parties affected by the Plan to make an informed judgment about its terms.  The Court has not yet determined whether the Plan meets the legal requirements for confirmation, and the fact that the Court has approved the Disclosure Statement does not constitute an endorsement of the Plan by the Court, or a recommendation that it be accepted. The Court's approval of this Disclosure Statement is subject to final approval at the hearing on confirmation of the Plan.  Objections to the adequacy of this Disclosure Statement may be filed until _____**

## II    BACKGROUND

### A.    Description and History of the Debtor

The Debtor is an individual who owns several income producing real property.  In addition the Debtor is a manager/member of DeSoto Appliance & Repair, LLC, with co owner Leora Green.  DeSoto Appliance & Repair, LLC. is a retail store selling appliances and related items as well as repairing appliances.

### B.    Events Leading to Chapter 11 Filing

Due to the economy, the Debtor experienced a reduction in income from his business, DeSoto Appliance & Repair, LLC.   In addition, the Debtor had some health issues, which reduced his earning potential.  As a result, the Debtor fell behind in the payments to his secured creditors and a lawsuit was filed with respect to one of his properties.

### C.    Significant Events During the Bankruptcy Case

* The Debtor has filed motions to determine secured status with respect to several pieces of real property.
* The Debtor has filed motions value some of his vehicles.
* The Debtor has cut personal expenses and expenses of his business;
* All of the Debtor's properties, with the exception of one, are rented and income producing.

**D.    Projected Recovery of Avoidable Transfers**

The Debtor does not intend to pursue preference, fraudulent conveyance, or other avoidance actions.

**E.    Claims Objections**

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves the right to object to claims.  Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld.  The procedures for resolving disputed claims are set forth in Article V of the Plan.

**F.    Current and Historical Financial Conditions**

The identity and fair market value of the estate's assets are listed in Exhibit "B". The value of the real property is based on the Debtors' knowledge and condition of the property.

**III.    SUMMARY OF THE PLAN OF REORGANIZATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS**

**A.    What is the Purpose of the Plan of Reorganization?**

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive.  The Plan also states whether each class of claims or equity interests is impaired or unimpaired.  If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

**B.    Unclassified Claims**

Certain types of claims are automatically entitled to specific treatment under the Code.  They are not considered impaired, and holders of such claims do not vote on the Plan.  They may however, object if, in their view, their treatment under the Plan does not comply with that required by the Code.  As such, the Plan Proponent has *not* placed the following claims in any class:

1.    *Administrative Expenses*

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under §507(a)(2) of the Code.  Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course

4

of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

| **Type** | **Estimated Amount Owed** | **Proposed Treatment** |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business After the Petition Date | n/a | n/a |
| The Value of Goods Received in the Ordinary Course of Business within 20 Days Before the Petition Date | n/a | n/a |
| Professional Fees, as approved by the Court | estimated $5,000.00 | Paid in full on the effective date of the Plan, or according to separate written agreement, or according to court order if such fees have not been approved by the Court on the effective date of the Plan |
| Clerk's Office Fees | n/a | Paid in full on the effective date of the Plan |
| Other administrative expenses | | Paid in full on the effective date of the Plan or according to separate written agreement |
| Office of the US Trustee Fees | | Paid in full on the effective date of the Plan |
| TOTAL: | $5,000.00 | |

2.    *Priority Tax Claims*

Priority tax claims are unsecured income, employment, and other taxes described by §507(a)(8) of the Code. Unless the holder of such a §507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

The following chart lists the Debtor's estimated §507(a)(8) priority tax claims and their proposed treatment under the Plan:

5

| Description (name and type of tax) | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| n/a | | | pmt interval =<br>mo. pmt   =<br>begin date =<br>end date =<br>interest rate =<br>total payout amt = |

## C.    Classes of Claims and Equity Interests

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

### 1.    Classes of Secured Claims

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under §506 of the Code.  If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

The following chart lists all classes containing Debtor's secured prepetition claims and their proposed treatment under the Plan:

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1 | Secured claim of:<br><br>Aurora Loan Services, LLC<br><br>Collateral description: homestead located at 901 W. Waldron Street, Arcadia, Florida<br><br>Allowed Secured Amount: $56,948.00<br><br>Priority of lien: mortgage<br><br>Principal owed:<br><br>Pre-petition arrearage:<br>Total claim: | No | Impaired | Treatment of Lien:<br><br>The Debtor is one (1) month delinquent to this creditor pre-petition.  The Debtor shall pay the delinquent payment of $1,699.42 in 24 equal monthly payments of $70.80.  This payment together with the normal contractual payment shall cure the delinquency and reinstate the mortgage.  This creditor shall retain its lien.<br><br>POC #25 |

6

| | | | | |
|---|---|---|---|---|
| 2 | *Secured claim of:* Regions Bank<br><br>*Collateral description:* homestead located at 901 W. Waldron Street, Arcadia, Florida<br><br>*Allowed Secured Amount:* $37,730.00<br><br>*Priority of lien:* second mortgage<br><br>*Principal owed:*<br><br>*Pre-petition arrearage:*<br><br>*Total claim:* | | Impaired | Treatment of Lien:<br><br>This creditor holds a second mortgage on the Debtor's homestead, which the Debtor believes is wholly unsecured. This creditor did not record the executed mortgage/equity line, therefore this creditor shall be paid in as a general unsecured creditor listed in Class 22.<br><br><br>no poc filed by Creditor |
| 3 | *Secured claim of:* Bank of America<br><br>*Collateral description:* real property located at 303 Bridle Path, Arcadia, Florida<br><br>*Allowed Secured Amount:* $92,730.00<br><br>*Priority of lien:* mortgage<br><br>*Principal owed:*<br><br>*Pre-petition arrearage:*<br><br>*Total claim:* | | Impaired | Treatment of Lien:<br><br>The Debtor shall pay the value of the collateral, in the amount of $27,500.00 amortized at 6% interest over 30 years. The monthly payments shall be in the amount of $164.88. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain it's lien, to the extent of the value of the property.<br><br>No poc filed by Creditor |
| 4 | *Secured claim of:* CitiMortgage, Inc.<br><br>*Collateral description:* real property located at 2835 Cypress Trace Circle, Unit 203, Naples, Florida<br><br>*Allowed Secured Amount:* $215,812.37<br><br>*Priority of lien:* mortgage<br><br>*Principal owed:*<br><br>*Pre-petition arrearage:*<br><br>*Total claim:* | | Impaired | Treatment of Lien:<br><br>The Debtor shall pay the value of the collateral, in the amount of $105,000.00 amortized at 6% interest over 30 years. The monthly payments shall be in the amount of $629.53. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain it's lien, to the extent of the value of the property.<br><br>POC #4 |

7

| | | | |
|---|---|---|---|
| 5 | *Secured claim of:* Cypress Trace Gardens Association<br><br>*Collateral description:* real property located at 2835 Cypress Trace Gardens Assoc.<br><br>*Allowed Secured Amount:* $1,780.00<br><br>*Priority of lien:*<br><br>*Principal owed:*<br><br>*Pre-petition arrearage:*<br><br>*Total claim:* | Impaired | Treatment of Lien:<br><br>The Debtor shall pay this creditor it's claim, together with applicable interest in 60 equal monthly payments.<br><br><br><br>no proof of claim filed |
| 6 | *Secured claim of:* First State Bank<br><br>*Collateral description:* real property located at 209 & 215 Brevard Avenue, Arcadia, Florida<br><br>*Allowed Secured Amount:* $32,484.24<br><br>*Priority of lien:* first mortgage<br><br>*Principal owed:*<br><br>*Pre-petition arrearage:*<br><br>*Total claim:* | Unimpaired | Treatment of Lien:<br><br>The Debtor is current on his payments to this creditor and shall continue to make the normal contractual payment.<br><br>POC #33 |
| 7 | *Secured claim of:* First State Bank<br><br>*Collateral description:* real property located at 209 & 215 Brevard Avenue, Arcadia, Florida<br><br>*Allowed Secured Amount:* $132,513.85<br><br>*Priority of lien:* second mortgage<br><br>*Principal owed:*<br><br>*Pre-petition arrearage:*<br><br>*Total claim:* | Impaired | Treatment of Lien:<br><br>This creditor holds a second mortgage on the commercial property, which the Debtor believes to be partially unsecured. The Debtor shall file a motion to determine secured status and value the collateral in the amount of $79,000.00. The Debtor shall pay this creditor the secured portion of its claim ($46,515.76) amortized at 6% interest over 30 years. The Debtor shall pay this creditor 60 monthly payments of $278.89. The 61st payment shall be a balloon payment of the balance owed in the amount of $29,782.36 .<br><br><br><br>POC #34 |

8

| | | | |
|---|---|---|---|
| 8 | *Secured claim of:*<br>First State Bank<br><br>*Collateral description:*<br>real property located at<br>1150 SE Mills Avenue,<br>Arcadia, Florida<br><br>*Allowed Secured Amount:*<br>$40,802.00<br><br>*Priority of lien:*<br>mortgage<br><br>*Principal owed:*<br><br>*Pre-petition arrearage:*<br><br>*Total claim:* | | Unimpaired | Treatment of<br>Lien:<br><br>The Debtor shall pay the value of<br>the collateral, in the amount of<br>$18,500.00 amortized at 6%<br>interest over 30 years.  The<br>monthly payments shall be in the<br>amount of $110.92.  The balance of<br>the claim of this creditor, if any,<br>shall be paid in accordance with the<br>treatment of the unsecured<br>creditors.  This creditor shall retain<br>it's lien, to the extent of the value of<br>the property.<br><br>POC #32 |
| 9 | *Secured claim of:*<br>SunTrust Mortgage, Inc.<br><br>*Collateral description:*<br>real property located at 816<br>W. Waldron Street, Arcadia,<br>Florida<br><br>*Allowed Secured Amount:*<br>$79,712.55<br><br>*Priority of lien:*<br>mortgage<br><br>*Principal owed:*<br><br>*Pre-petition arrearage:*<br><br>*Total claim:* | | Impaired | Treatment of<br>Lien:<br><br>The Debtor shall pay the value of<br>the collateral, in the amount of<br>$15,800.00 amortized at 6%<br>interest over 30 years.  The<br>monthly payments shall be in the<br>amount of $94.73.  The balance of<br>the claim of this creditor, if any,<br>shall be paid in accordance with the<br>treatment of the unsecured<br>creditors.  This creditor shall retain<br>it's lien, to the extent of the value of<br>the property.<br><br>POC #8 |
| 10 | *Secured claim of:*<br>SunTrust Mortgage, Inc.<br><br>*Collateral description:*<br>real property located at 712<br>N. Mills Avenue, Arcadia,<br>Florida<br><br>*Allowed Secured Amount:*<br>$73,561.30<br><br>*Priority of lien:*<br>mortgage<br><br>*Principal owed:*<br><br>*Pre-petition arrearage:*<br><br>*Total claim:* | | Impaired | Treatment of<br>Lien:<br><br>The Debtor shall pay the value of<br>the collateral, in the amount of<br>$57,000.00 amortized at 6%<br>interest over 30 years.  The<br>monthly payments shall be in the<br>amount of $341.74.  The balance of<br>the claim of this creditor, if any,<br>shall be paid in accordance with the<br>treatment of the unsecured<br>creditors.  This creditor shall retain<br>it's lien, to the extent of the value of<br>the property.<br><br>POC #5 |

| | | | |
|---|---|---|---|
| 11 | *Secured claim of:* SunTrust Mortgage, Inc. *Collateral description:* real property located at 4640 NE Highway 17, Arcadia, Florida *Allowed Secured Amount:* $80,686.17 *Priority of lien:* mortgage *Principal owed:* *Pre-petition arrearage:* *Total claim:* | Impaired | Treatment of Lien: The Debtor shall pay the value of the collateral, in the amount of $19,700.00 amortized at 6% interest over 30 years.  The monthly payments shall be in the amount of $118.11.  The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors.  This creditor shall retain it's lien, to the extent of the value of the property. POC #10 |
| 12 | *Secured claim of:* Wachula State Bank *Collateral description:* vacant lot located at 1836 Voss Oak Circle, Arcadia, Florida *Allowed Secured Amount:* $35,000.00 *Priority of lien:* mortgage *Principal owed:* *Pre-petition arrearage:* *Total claim:* | Unimpaired | Treatment of Lien: The Debtor is current on the payment to this creditor and shall continue to make the normal contractual payment.  This creditor shall retain it's lien. |
| 13 | *Secured claim of:* Wachula State Bank *Collateral description:* 12 vacant lots located in Arcadia Florida *Allowed Secured Amount:* $261,876.00 *Priority of lien:* *Principal owed:* *Pre-petition arrearage:* *Total claim:* | Impaired | Treatment of Lien: No proof of claim has been filed by creditor within the time provided by the Court. The Debtor, therefore surrenders the property in full satisfaction of the debt.  This creditor shall retain it's lien, to the extent of the value of the property. |

| | | | |
|---|---|---|---|
| 14 | *Secured claim of:*<br>Ford Credit<br><br>*Collateral description:*<br>2006 Ford Econoline E150<br><br>*Allowed Secured Amount:*<br>$18,000.00<br><br>*Priority of lien:*<br>Certificate of Title<br><br>*Principal owed:*<br><br>*Pre-petition arrearage:*<br><br>*Total claim:* | | Impaired | Treatment of<br>Lien:<br><br>The Debtor shall pay the value of the collateral, in the amount of $6,500.00 amortized at 6% interest over 5 years.  The monthly payments shall be in the amount of $125.66.  The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors.  This creditor shall retain it's lien, to the extent of the value of the property.<br><br>No poc filed by creditor |
| 15 | *Secured claim of:*<br>Mercedes - Benz Financial<br><br>*Collateral description:*<br>2008 Mercedes Benz C350<br><br>*Allowed Secured Amount:*<br>$24,682.52<br><br>*Priority of lien:*<br>Certificate of Title<br><br>*Principal owed:*<br><br>*Pre-petition arrearage:*<br><br>*Total claim:* | | Impaired | Treatment of<br>Lien:<br><br>The Debtor shall pay the value of the collateral, in the amount of $18,000.00 amortized at 6% interest over 5 years.  The monthly payments shall be in the amount of $347.99.  The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors.  This creditor shall retain it's lien, to the extent of the value of the property.<br><br>POC #26 |
| 16 | *Secured claim of:*<br>Regions Bank<br><br>*Collateral description:*<br>2008 Ford Expedition<br><br>*Allowed Secured Amount:*<br>$15,403.51<br><br>*Priority of lien:*<br>Certificate of Title<br><br>*Principal owed:*<br><br>*Pre-petition arrearage:*<br><br>*Total claim:* | | Unimpaired | Treatment of<br>Lien:<br><br>The Debtor is current on the payment to this creditor and shall continue to make the normal contractual payment.  This creditor shall retain it's lien.<br><br>POC #14 |

11

| | | | | |
|---|---|---|---|---|
| 17 | *Secured claim of:*<br>Suncoast Schools Federal Credit Union<br><br>*Collateral description:*<br>2007 Dodge Ram 1500 Truck<br><br>*Allowed Secured Amount:*<br>$15,000.00<br><br>*Priority of lien:*<br>Certificate of Title<br><br>*Principal owed:*<br><br>*Pre-petition arrearage:*<br><br>*Total claim:* | | Impaired | Treatment of Lien:<br><br>The Debtor shall pay the value of the collateral, in the amount of $15,000.00 amortized at the current contract interest rate of 4.98% interest over 5 years. The monthly payments shall be in the amount of $282.93. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain it's lien, to the extent of the value of the property.<br><br>POC #27 |
| 18 | *Secured claim of:*<br>Suncoast Schools Federal Credit Union<br><br>*Collateral description:*<br>2005 Ford F-150<br><br>*Allowed Secured Amount:*<br>$9,199.95<br><br>*Priority of lien:*<br>Certificate of Title<br><br>*Principal owed:*<br><br>*Pre-petition arrearage:*<br><br>*Total claim:* | | Impaired | Treatment of Lien:<br><br>The Debtor shall pay the value of the collateral, in the amount of $7,000.00 amortized at the current contract interest rate of 4.98% interest over 5 years. The monthly payments shall be in the amount of $132.03. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain it's lien, to the extent of the value of the property.<br><br>POC #28 |
| 19 | *Secured claim of:*<br>Suncoast Schools Federal Credit Union<br><br>*Collateral description:*<br>2008 Nissan Titan<br><br>*Allowed Secured Amount:*<br>$20,890.86<br><br>*Priority of lien:*<br>Certificate of Title<br><br>*Principal owed:*<br><br>*Pre-petition arrearage:*<br><br>*Total claim:* | | Impaired | Treatment of Lien:<br><br>The Debtor shall pay the value of the collateral, in the amount of $18,000.00 amortized at the current contract interest rate of 4.98% interest over 5 years. The monthly payments shall be in the amount of $339.52. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain it's lien, to the extent of the value of the property.<br><br>POC #29 |

12

| | | | | |
|---|---|---|---|---|
| 20 | *Secured claim of:*<br>SunTrust Bank<br><br>*Collateral description:*<br>2005 Chevrolet Express G2500 Van<br><br>*Allowed Secured Amount:*<br>$2,630.35<br><br>*Priority of lien:*<br>Certificate of Title<br><br>*Principal owed:*<br><br>*Pre-petition arrearage:*<br><br>*Total claim:* | | Impaired | Treatment of Lien:<br><br>The Debtor is current on the payment to this creditor and shall continue to make the normal contractual payment.  This creditor shall retain it's lien.<br><br>POC #13 |
| 21 | *Secured claim of:*<br>Deere Credit Services<br><br>*Collateral description:*<br>John Deere lawn mower Z225 and 2820A<br><br>*Allowed Secured Amount:*<br>$17,693.42<br><br>*Priority of lien:*<br>security interest<br><br>*Principal owed:*<br><br>*Pre-petition arrearage:*<br><br>*Total claim:* | | Impaired | Treatment of Lien:<br><br>The Debtor shall pay the value of the collateral, in the amount of $1,200.00 amortized at 6% interest over 5 years.  The monthly payments shall be in the amount of $23.20.    The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors.  This creditor shall retain it's lien, to the extent of the value of the property.<br><br>POC #7 |

2.    *Classes of Priority Unsecured Claims*

Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes.  The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim.  However, a class of holders of such claims may vote to accept different treatment.

The following chart lists all classes containing claims under §§507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| n/a | Priority unsecured claim pursuant to Section<br><br>Total amount of claims = $ | | |

13

| | | | |
|---|---|---|---|
| | Priority unsecured claim pursuant to Section<br><br>Total amount of claims =<br>$ | | |

      3.    *Class of General Unsecured Claims*

General unsecured claim are not secured by property of the estate and are not entitled to priority under §507(a) of the Code.

The following chart identifies the Plan's proposed treatment of Class 9, which contain general unsecured claims against the Debtor:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 22 | General Unsecured Class | impaired | Monthly Pmt  =  $750.00 aggregate approx.<br>Pmts Begin  =  Sept 1, 2010<br>Disbursements to<br>begin         =  Sept 1, 2010<br>Pmts end    = Aug. 1, 2015<br>Interest rate    = 0<br>Estimated % of claim<br>paid          = approx. 15%<br>The Debtor shall pay $750.00 per month into a fund for distribution to the unsecured creditors. Each allowed unsecured creditor shall receive a pro-rata share of said fund. Currently, the claims register shows $300,348.21. This would allow for a distribution of approximately 15% to each creditor, provided no additional claims are determined to be unsecured claims. **Any secured creditor who has filed a secured claim and claims an entitlement to an unsecured claim must file an amended claim seeking entitlement to an unsecured claim by 30 days after the confirmation hearing (including any continued dates).** Debtor shall have 30 days to file an objection, if appropriate. If any claims have not been determined by the date first set for the disbursement to unsecured creditors, an appropriate amount shall be withheld from distribution pending a determination of disputed unsecured claims. |

**D.    Means of Implementing the Plan**

      1.    *Source of Payments*

Payments and distributions under the Plan will be funded by the following:

Debtor's wages and rental income from real estate.

### E.   Risk Factors

The proposed Plan has the following risks:

The inability to retain paying tenants in the rental properties.

### F.   Executory Contracts and Unexpired Leases

The Plan in Exhibit 5.1, lists all executory contracts and unexpired leases that the Debtor will assume under the Plan.  Assumption means that the Debtor has elected to continue to perform the obligation under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code, if any.  Exhibit 5.1 also lists how the Debtor will cure and compensate the other party to such contract or lease for any such defaults.

If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time.

All executory contracts and unexpired leases that are not listed in Exhibit 5.1 will be rejected under the Plan.  Consult your adviser or attorney for more specific information about particular contracts or leases.

If you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

### G.   Tax Consequences of Plan

***Creditors and Equity Interest Holders Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, and/or Advisors.***

The following are the anticipated tax consequences of the Plan: (1) Tax consequences to the Debtor of the Plan; (2) General tax consequences on creditors of any discharge, and the general tax consequences of receipt of plan consideration after confirmation.

None anticipated.

## IV.   CONFIRMATION REQUIREMENTS AND PROCEDURES

To be confirmable, the Plan must meet the requirements listed in §§1129(a) or

15

(b) of the Code.  These include the requirements that: the Plan must be proposed in good faith; at least one impaired class of claims must accept the plan, without counting votes of insiders; the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and the Plan must be feasible.  These requirements are <u>not</u> the only requirements listed in §1129, and they are not the only requirements for confirmation.

## A.    Who May Vote or Object

Any party in interest may object to the confirmation of the Plan if the party believes that requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject a Plan.  A creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes and (2) impaired.

In this case, the Plan Proponent believes that classes 2 through 9 are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan.  The Plan Proponent believes that class 1 is unimpaired and that holders of claims in each of these classes, therefore, do not have the right to vote to accept or reject the Plan.

### 1.    *What is an Allowed Claim or an Allowed Equity Interest?*

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan.  Generally, a claim or equity interest is allowed if either (1) the Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or (2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest.  When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

***The deadline for filing a proof of claim in this case was October 13, 2009.***

### 2.    *What is an Impaired Claim or Impaired Equity Interest?*

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is *impaired* under the Plan.  As provided in §1124 of the Code, as class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

16

3.      *Who is **Not** Entitled to Vote?*

The holders of the following five types of claims and equity interests are *not* entitled to vote:

* holders of claims and equity interests that have been disallowed by an order of the Court;
* holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes;
* holders of claims or equity interests in unimpaired classes;
* holders of claims entitled to priority pursuant to §§507(a)(2), (a)(3), and (a)(8) fo the Code; and
* holders of claims or equity interests in classes that do not receive or retain any value under the Plan;
* administrative expenses.

**Even If You are Not Entitled to Vote on the Plan, You Have a Right to Object to the Confirmation of the Plan.**

4.      *Who Can Vote in More Than One Class*

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

**B.      Votes Necessary to Confirm the Plan**

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "cram down" on non-accepting classes, as discussed later in Section B.2.

1.      *Votes Necessary for a Class to Accept the Plan*

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (½) of the allowed claims in the class, who vote cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote cast their votes to accept the Plan.

2.    *Treatment of Nonaccepting Classes*

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner prescribed by §1129(b) of the Code.  A plan that binds nonaccepting classes in commonly referred to as a "cram down" plan.  The Code allows the Plan to bind nonaccepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of §1129(a)(8) of the Code, does not "discriminate unfairly", and is "fair and equitable" toward each impaired class that has not voted to accept the Plan.

**You should consult your attorney if a "cramdown" confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.**

## C.    Liquidation Analysis

To confirm the Plan, the court must find that all creditors and equity interest holders who not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation.  A liquidation analysis is attached to this Disclosure Statement of Exhibit B.

## D.    Feasibility

The court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

1.    *Ability to Initially Fund Plan*

The Plan Proponent believes that the Debtor will have enough cash on hand on the effective date of the Plan to pay all the claims and expenses that are entitled to be paid on that date.  Tables showing the amount of cash on hand on the effective date of the Plan, and the sources of that cash are attached to this disclosure statement as Exhibit C (bank statement).

2.    *Ability to Make Future Plan Payments and Operate Without Further Reorganization*

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments.

The Plan Proponent has provided projected financial information.  Those projections are listed in Exhibit D.

18

The Plan Proponent's financial projections show that the Debtors will have an aggregate annual average cash flow, after paying operating expenses and post-confirmation taxes, of $1,500.00.  The final Plan payment is expected to be paid on January 3, 2015.

## V.    EFFECT OF CONFIRMATION OF PLAN

### A.    DISCHARGE OF DEBTOR

Discharge.  Upon Confirmation and substantial compliance of the plan, including issuance of promissory notes reflecting the balance, the Debtors will seek a discharge or an administrative closing of the case.  Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge, or as otherwise provided in Subsection 1141 (d) (5) of the Code.  Debtor will not be discharged from any debt excepted from discharge under Subsection 523 of the Code, except as provided in Rule 4007 ( c) of the Federal Rules of Bankruptcy Procedure.

### B.    Modification of Plan

The Plan Proponent may modify the Plan at any time before confirmation of the Plan.  However, the Court may require a new disclosure statement and/or revoting on the Plan.

Upon request by the Debtor, the United States trustee, or the holder of an allowed unsecured claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan.

## C.    Final Decree

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.  Alternatively, the Court may enter such a final decree on its own motion.

_____
Michael S. Longenecker

_____
Sheila D. Norman, Esquire
NORMAN AND BULLINGTON, PA
1905 West Kennedy Blvd.
Tampa, Florida 33602
(813) 251-6666
Attorney for Debtor