UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:

Case No. 8:10-bk-01013-CED

MICHAEL S. LONGENECKER,

_____Debtor._____/

## ORDER APPROVING DISCLOSURE STATEMENT
## AND CONFIRMING DEBTORS' PLAN OF REORGANIZATION

THIS CAUSE came on for a duly scheduled confirmation hearing on November 15, 2010, with notice to all parties of interest for the purpose of considering approval of the Debtor's Disclosure Statement (Docket No 121) and the Chapter 11 Plan of Reorganization (Docket No. 120).  The Court having considered the record, finds that an Order Conditionally Approving Disclosure Statement, Fixing Time to File Objections to the Disclosure Statement, Fixing Time to File Applications for Administrative Expenses, Setting Hearing on Confirmation of the Plan and Setting Deadlines with Respect to Confirmation Hearing was entered on July 2, 2010 (Docket No. 132); that a copy of the Disclosure Statement and Plan, together with Ballots, either accepting or rejecting the Plan, were sent to all creditors and each class whose rights were impaired by said Plan were given an opportunity to cast their ballots and vote for the Plan by filing a written acceptance or rejection of the Chapter 11 Plan; and that after the date fixed by the Court to accept or reject the Plan had expired, the votes were counted and the requisite majority of creditors voting in each class, as well as at least two-thirds (2/3) an amount of all claims in each class that actually voted, chose to accept the Plan.

The Court finds that each impaired class that voted had accepted the Plan in writing and determines that the Plan is feasible and was filed in good faith and not by

any means forbidden by law, and further that confirmation is in the best interest of creditors and meets all of the requirements as provided in §1123 and §1129(a) of the Bankruptcy Code and that therefore the Plan should be confirmed.

Therefore, it is

**ORDERED, ADJUDGED and DECREED** that:

1. The Debtor's Disclosure Statement is hereby approved and the Plan of Reorganization, be and the same is hereby confirmed, together with the oral modifications made in open court.

2. The Debtor modified his Plan and Disclosure Statement at confirmation with respect to the treatment of the following classes of creditors:

   a. Class 4. CitiMortgage, Inc., shall be paid the value of the collateral, in the amount of $112,500.00 at 6% interest amortized over 30 years. The monthly payment shall be $674.49.

   b. Classes 6 and 7. The Amended Claim No. 33 and Amended Claim No. 34 of First State Bank of Arcadia shall be allowed as fully secured and shall be amortized at 8% over 20 years with a balloon payment of the balance in 10 years. Payments shall commence on December 15, 2010 and shall continue on the same date of each month for 119 payments. The final 120th payment shall be a balloon payment which shall consist of the outstanding balance.

   c. Class 8. First State Bank of Arcadia: The Debtor shall pay the value of the collateral in the amount of $18,500.00 amortized at 8% interest over 10 years. The monthly payments shall be in the

        amount of $224.46. The balance of the claim shall be paid in accordance with the treatment of the unsecured creditors in Class 22.

d.   Class 9. SunTrust Mortgage, Inc. The Debtor shall pay the value of the collateral, in the amount of $15,800.00 amortized at 7% interest over 27 years. The monthly payments shall be in the amount of $108.67.

e.   Class 10. SunTrust Mortgage, Inc. The Debtor shall pay the value of the collateral, in the amount of $57,000.00 at 7% interest amortized over 27 years. The monthly payments shall be in the amount of $392.05. The modified treatment resolves the creditor's objection to confirmation.

f.   Class 11. SunTrust Mortgage, Inc. The Debtor shall pay the value of the collateral in the amount of $19,700.00 amortized at 7% over 27 years for a monthly payment of $135.50 per month for principal and interest. The total principal and interest paid shall be in the amount of $43,901.85. Since the creditor made an 1111(b) election, the Debtor shall pay the anticipated balance of $36,784.32 in equal monthly payments over 27 years for a total monthly payment of $249.03. Although this creditor did not accept the plan, it has been determined that the creditor is receiving its indubitable equivalent under the plan.

g.   Class 12. Wauchula State Bank. The Debtor and creditor agree

that the allowed claim in Class 12 is $13,429.00. The treatment of this claim is the same as stated in the Plan and Disclosure Statement, as follows, the Debtor is current with the payments and shall continue the monthly payments in accordance with the contract. This creditor is unimpaired.

h. Class 13. Wauchula State Bank. The treatment of this claim shall be modified as follows. The Debtor will deed the 12 lots to Wauchula State Bank or its assigns or will consent to the foreclosure of same at the Bank's election. Upon transfer to title to Wauchula State Bank or its assigns or to the successful bidder at foreclosure, the Bank will credit the corporate loan with the agreed amount of $17,000.00 for the lots. The corporation will continue to be obligated to the Bank on this loan not withstanding the potential discharge of the Debtor's personal guaranty.

I. Class 19. Suncoast Schools Federal Credit Union. The Debtor has surrendered the collateral described as 2008 Nissan Titan.

j. Class 22. The Debtor shall increase distribution to the general unsecured creditors from $750.00 to $1,002.00 per month into a fund for distribution to the unsecured creditors. Each allowed unsecured creditor shall receive a pro-rata share of said fund. **Any secured creditor who has filed a secured claim and claims an entitlement to an unsecured claim must file an amended claim seeking entitlement to an unsecured claim by 30 days after the**

**confirmation hearing (including any continued dates).** Debtor shall have 30 days to file an objection, if appropriate. If any claims have not been determined by the date first set for the disbursement to unsecured creditors, an appropriate amount shall be withheld from distribution pending a determination

3. Section 9.01 of the Debtor's plan shall be modified to reflects the following:

    9.01  <u>Discharge</u>.  Upon Confirmation and substantial compliance of the plan, the Debtor will seek an administrative closing of the case. Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge, or as otherwise provided in Subsection 1141 (d) (5) of the Code. Debtor will not be discharged from any debt excepted from discharge under Subsection 523 of the Code, except as provided in Rule 4007 ( c) of the Federal Rules of Bankruptcy Procedure.

4. That notwithstanding the discharge provisions under 11 U.S.C. §1141, any post-petition tax liability will not be discharged and the confirmation is approved.

5. That the Debtor's Plan and its provisions, shall be binding upon the Debtor and upon all creditors of the Debtor, whether or not they have individually accepted the Plan, have filed claims or are effected by the Plan, and whether the claims have been scheduled, allowed or are allowable.

6. All objections to confirmation and the plan have been overruled.

7. A status conference in this case is hereby scheduled for **December 13, 2010 at 1:30 p.m.**

8.  That the Debtor shall forthwith mail out a copy of this Order Approving Disclosure Statement and Confirming Plan to all creditors and parties of interest, using a current mailing matrix obtained from the Clerk, and shall promptly provide a Certificate of Compliance with the Court.

9.  That pursuant to §1141 of the Bankruptcy Code, the confirmation of the Debtor's Plan binds the Debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the Debtor. Pursuant to §362( c )(2) the automatic stay shall continue until the earliest of the following occurs, the case is closed, the case is dismissed or the discharge is granted or denied.

10. The confirmation of the Debtor's plan does not act as a discharge of all dischargeable debts. This Court shall separately consider the entry of a Discharge for the Debtor as appropriate under the provisions of 1145(d)(5).

11. That all administrative expenses including attorney's fees, fees to the Clerk, United States Bankruptcy Court and the United States Trustee shall be paid no later than the effective date of the Plan.

12. That this Court shall further retain jurisdiction of the Debtor as specified in the Plan for purposes of determining the allowance and amount of any claim filed as well as any objections thereto filed by the Debtor and to determine the amount of administrative expenses including attorney's fees and United States Trustee fees and to

enforce payment of the administrative expenses.

**DONE and ORDERED in Tampa Florida on this** ___

December 09, 2010

*[signature: Caryl E. Delano]*

**Caryl E. Delano**
United States Bankruptcy Judge

cc:

Sheila D. Norman, Esquire, 1905 W. Kennedy Boulevard, Tampa, Florida 33606;
United States Trustee, 501 E. Polk Street, Suite 1200, Tampa, Florida 33602;
Michael S. Longenecker, 901 W. Waldron Street, Arcadia, Florida 34266
matrix.