UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                                      Case No.: 10-01013-CED
                                                                                            Chapter 11

MICHAEL LONGENECKER,

   Debtor.
_____/

**MOTION FOR RELIEF FROM AUTOMATIC STAY
FILED BY GREEN TREE SERVICING LLC**

   Comes Now, Green Tree Servicing LLC, as the duly authorized servicer for Federal National Mortgage Association, hereinafter referred to as "Movant", seeking modification of the automatic stay in this case pursuant to 11 U.S.C. § 362(d), for the purpose of exercising in rem remedies against the collateral described below, and for cause would show the Court as follows:

   1.   On January 19, 2010 (the "Petition Date"), the Debtor filed for relief under Chapter 11 of the bankruptcy code.

   2.   Jurisdiction of this matter is properly before this Court pursuant to 28 U.S.C. § 1334 and 11 U.S.C § 362 and all other applicable rules and statues affecting the jurisdiction of the Bankruptcy Courts generally

   3.   On or about January 11, 2008, Debtor executed and delivered a Note and Mortgage (hereinafter referred to as "Agreement") in the principal amount of $100,000.00, together with interest thereon as set forth therein. Said Agreement is currently serviced by Movant. A copy of the Mortgage, together with the Note and any applicable servicing agreement or Power of Attorney, are attached hereto as **Exhibit "A"**.

   **4.**   Funds were advanced in connection with the aforementioned Agreement as purchase money for the following real property:

**Real Property located at 303 Bridal Path , Arcadia, FL 34266, and more accurately described by it's legal description which is attached as Exhibit "B"**

5.  The terms of the aforementioned Agreement entitle Movant to possession of the collateral upon Default. The Movant has declared the Debtor in Default.

6.  Movant now holds equitable title to the collateral as a result of the terms of the Agreement.

7. Debtor has defaulted under the terms of the Agreement by failing to make the payments as required under the Agreement.  The last payment made to the account was September 6, 2013, and the account is currently due for the payment due June 1, 2012, and all subsequent payments due thereafter. The current delinquency is $16,816.92 through and including the February 1, 2014 payment.  The current monthly payment is $478.66, which consists of the principle, interest and escrow.  The payoff is $103,661.27 as of February 15, 2014 2014, and the per diem is $0.01. Movant estimates the value of the property to be significantly less than the payoff amount owed. Accordingly, there is no equity or value to the estate.  Pursuant to the confirmed Chapter 11 Plan, Debtor was to pay the Movant $27,500.00 amortized at 6% interest over 30 years, with monthly payments in the amount of $164.88 and has failed to do so.

8.  Movant requests the Court grant it relief from the Automatic Stay in this case pursuant to U.S.C § 362(d)(1) of the Bankruptcy Code for cause, namely lack of adequate protection to Movant for its interest in the collateral.  The value of the collateral is not sufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to Movant.

9.     In support of this Motion for Relief of the stay under U.S.C. § 362(d) of the Bankruptcy Code, Movant would show that it would be inequitable to permit Debtor to retain the collateral, that there is no equity in the collateral and that said collateral is not necessary for an effective reorganization.  Additionally, Movant would show that the Debtor failed to timely meet and satisfy the payment requirements with respect to the obligations set forth on the Note.

10.    Movant submits that lack of adequate protection in this case is the appropriate ground for relief which Movant seeks under U.S.C. § 362(d), and that the possible existence of equity over and above the indebtedness, which Movant denies exists, would not, even if it did exist, constitute adequate protection as contemplated by the Bankruptcy Code.  Additionally, Movant would show that its indebtedness continues to accrue interest and the Debtor enjoys the benefits of collateral without following the requirements of the Bankruptcy Code.

11.    Movant is receiving no payments from the Debtor to protect Movant against the erosion of its collateral position and Movant is not otherwise being adequately protected.

12.    If Movant is not permitted to enforce its security interest in the collateral or is not provided with adequate protection, it will suffer irreparable injury, loss and damage.

13.    That Movant be awarded reasonable attorney's fees pursuant to the provisions of 11 U.S.C. § 506(b) on the Note and Security Deed for prosecuting this motion.

14.    Movant asserts that sufficient cause exists to waive the requirements of the Bankruptcy Rule 4001(a)(3), therefore, allowing any order entered to be effective upon the execution since the collateral is easily moved, easily secreted, and easily damaged within the fourteen day period that would otherwise stay recovery of the collateral.  In addition, Movant prays that the Court suspend the Rule in all instances in which there is consent upon the part of the Debtor

WHEREFORE, PREMISES CONSIDERED, Movant prays that Debtor be cited to appear herein; that upon final hearing hereof, this Court enter an order modifying the automatic stay under 11 U.S.C § 362(d), to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein and to gain possession of said collateral and that Movant have such other and further relief as is just.

Dated this 26th day of February, 2014.

    /s/ Evan S. Singer
Evan S. Singer
Fla Bar ID: 101406
Timothy D. Padgett, P.A.
6267 Old Water Oak Road
Suite 203
Tallahassee, FL  32312
(850) 422-2520 (telephone)
(850) 422-2567 (fax)
ess@padgettlaw.net

I HEREBY CERTIFY that on this 26th day of February, 2014, a true and correct copy of the foregoing was served by U.S. Mail, First Class, and/or electronic transmission to Michael Longenecker, 901 W. Waldron Street, Arcadia, FL 34266; United States Trustee - FTM, Trustee, 501 E. Polk Street, Timberlake Annex, Suite 1200, Tampa, FL 33602; Bullington, Jr., Walter G., Norman and Bullington, P.A., 1905 West Kennedy Blvd, Tampa, FL 33606; and those parties receiving CM/ECF service.

    /s/ Evan S. Singer
Evan S. Singer, Esq.