UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

MICHAEL S. LONGENECKER,   Case No. 8:10-bk-01013-CED

        Debtor.   Chapter 11
_____/

**DEBTOR'S VERIFIED MOTION FOR REFERRAL TO**
**MORTGAGE MODIFICATION MEDIATION**

Debtor, Michael S. Longenecker, hereinafter, ("Debtor" or "Longenecker"), by and through his undersigned attorney, hereby moves the Court for an Order referring the Debtor and MTGLQ Investors, LP/ Rushmore Loan Management Services, LLC. ("Rushmore"), to mortgage modification mediation, and in support states:

1. On January 19, 2010, the Debtor filed this Petition for relief under Chapter 11 of the Bankruptcy Code, seeking the fundamental protections of the Bankruptcy laws and rules. [Doc. 1].

2. On June 28, 2010, the Debtor filed his Chapter 11 Plan of Reorganization, ("Chapter 11 Plan"), [Doc. 120], and his Disclosure Statement, [Doc. 121], with the Bankruptcy Court.

3. The Debtor scheduled his interest in certain property located at 303 Bridle Path, Arcadia, Florida, more particularly described as:

> *Lot 7, Block E, Royal Howard Subdivision, as per map or plat thereof as recorded in the County Records for DeSoto County, Florida, Plat Book 6, Pages 65 – 65A.* ("Property").

4. On the date of filing, the Property was encumbered by a lien of Bank of America, N.A.

5. The Debtor's Chapter 11 Plan, contemplates the treatment of the claim then held by Bank of America. The Claim is designated and treated as Class 3. The Plan provides for the following:

> *" The Debtor shall pay the value of the collateral, in the amount of $27,500.00 Amortized at 6% interest over 30 years. The monthly payments shall be in the amount of $164.88. The balance of the claim of this creditor, if any, shall be paid in accordance with the treatment of the unsecured creditors. This creditor shall retain it's [sic] lien to the extent of the value of the property".*

6. In accordance with the proposed treatment under the Chapter 11 Plan, on June 15, 2010, the Debtor filed a Motion to Value Collateral or Determine Secured Status of Bank of America Claim #38. ("Motion to Value"), [Doc. 96].

7. The respective Order states in pertinent part:

> *" 4.  Accordingly, the entry of this order modifies the Debtor's Plan and Disclosure Statement as follows: Bank of America has an allowed secured claim in the amount of $101,133.52, secured by property valued at $38,000.00. Debtor shall pay Bank of America's claim by making 360 equal monthly installments of $280.93, Bank of America shall retain its lien until it has been paid a total of $101,133,52".* [Doc. 207].

8. On December 9, 2010, the Bankruptcy Court entered the Order Approving Disclosure Statement and Confirming Debtor's Plan of Reorganization, pursuant to the terms of the Valuation Order [Doc. 253].

9. On September 20, 2016, the Claim was transferred to MTGLQ Investors, LP, and therewith, the servicing of the loan was transferred to Rushmore Loan Management Services, LLC.

10. Since assuming the Claim, Rushmore has instituted an action against the Debtor for a default in payment, and has forwarded a Notice of Intent to Foreclose against the Property, dated December 13, 2016.

11. The Debtor opposes the relief sought, and contends that payments made to predecessor interest holders have not been correctly applied against his account. In order to facilitate resolution of the dispute, the Debtor seeks to permanently modify the terms of the Note and Mortgage held by MTLQ Investors, LP/ Rushmore Loan Management Services, LLC. Loan no. ending 2389, encumbering the Homestead.

12. The Debtor's regular income will allow him to pay the normal contractual rate established under the Valuation Order cited herein/or to contribute as much as thirty-one (31) percent of their current monthly gross income to payment of the modified mortgage indebtedness.

13. Mediation pursuant to Local Rule 9019-2 will assist the parties in negotiation of a permanent modification of the mortgage obligation held by MTLQ Investors, LP/ Rushmore Loan Management Services, LLC, each party shall pay $250.00 directly to the Mediator within seven days of the designation of the Mediator.

WHEREFORE, Debtor requests the entry of an Order referring this case to mediation and for such other relief as this Court deems meet and just.

## VERIFICATION

I, Michael S. Longenecker, being duly sworn on oath, certify under penalty of perjury that the foregoing is true and accurate to the best of our knowledge and belief.

FURTHER AFFIANT SAITH NOT.


 */s/ Michael S. Longenecker*
 _____
 Michael S. Longenecker


 Dated:  May 18, 2017

 */s/ Gregory A. Champeau*
 Gregory A. Champeau
 Florida Bar 602531
 Champeau Law, P.A.
 999 Vanderbilt Beach Rd., Suite 232
 Naples, FL 34108
 Telephone:  239-325-1823
 Facsimile:   239-325-5001
 greg@champeaulaw.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via

CM/ECF electronic mail this 18th day of May, 2017, to:

United States Trustee
Jon M. Waage, Chapter 13 Trustee
Attorneys of Record

**Via U.S. Mail to:**

Rushmore Loan Management Services, LLC
P.O. Box 55004
Irvine, CA 92619-2708

Green Tree Servicing, LLC
P.O. Box 6154
Rapid City, SD 57709-6154

Bank of America, N.A.
P.O. Box 22031
Greensboro, NC 27420